UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Eric A. Dixon, | ) | Civil Action No. 2:20-1356-BHH |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| The Boeing Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Report and Recommendation entered by United States Magistrate Mary Gordon Baker on May 11, 2020 ("Report"). (ECF No. 10.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2) for the District of South Carolina, this case was referred to Magistrate Judge Baker for pretrial handling. In her Report, the Magistrate Judge recommends that Defendant The Boeing Company's ("Defendant" or "Boeing") motion to dismiss causes of action for wrongful termination, slander, retaliation, and hostile environment be granted. (*See id.*) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## BACKGROUND

The Magistrate Judge entered her Report on May 11, 2020, recommending that Defendant's motion to dismiss causes of action for wrongful termination, slander, retaliation, and hostile environment be granted in its entirety. (*Id.* at 13.) On May 18, 2020,

---

[1] As always, the Court says only what is necessary to address Defendant's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exists there.

1

Plaintiff Eric A. Dixon ("Plaintiff") filed objections challenging the recommendation regarding dismissal of the itemized claims. (ECF No. 11.) Defendant replied to Plaintiff's objections on May 27, 2020. (ECF No. 12.) The matter is ripe for consideration and the Court now makes the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

In her Report, Magistrate Judge Baker found: (1) Plaintiff has existing statutory remedies for his wrongful termination in violation of public policy claim and the claim is therefore subject to dismissal (ECF No. 10 at 4–9); (2) Plaintiff has not alleged facts to sustain a plausible slander claim and in particular has failed to adequately explain how specific defamatory comments were communicated by Defendant to a third party (*id.* at 9–11); (3) Plaintiff's failure to provide a meaningful response to Defendant's arguments

2

that Plaintiff failed to plead facts sufficient to support plausible claims for retaliation and hostile work environment, and that Plaintiff failed to administratively exhaust the retaliation claim, justifies dismissal of these claims (*id.* at 11–13).

Plaintiff's filing lists a number of putative objections by numbered paragraph, which the Court will address in turn. First, Plaintiff asserts: "1. Judge Baker has committed errors of Fact and Law by recommending the Plaintiff's claims be dismissed." (ECF No. 11 at 5.) This naked assertion does not point the Court to any specific error in the Magistrate Judge's reasoning or conclusions and it is overruled. *See Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir.1982) (noting that when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations, the Court need not conduct a *de novo* review).

Next, Plaintiff contends:

> 2. The Court failed to consider the facts as presented in complaint. The Magistrate failed to consider the actual application of the law that states the following: "The purpose of a 12(b)(6) motion is to test the sufficiency of the complaint not to judge the complaint on its merits.["] A dismissal of the plaintiff's complaint would be improper as the mission of the court is to determine if the allegations constitute a "'a short and plain statement of the claim showing that the pleader is entitled to relief."

(ECF No. 11 at 5 (footnotes omitted).) Again, Plaintiff's contention is conclusory and does not reveal any error in Magistrate Judge Baker's analysis. The Court finds that the Magistrate Judge appropriately applied the standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The objection is overruled.

Plaintiff further argues:

> 3. The Court failed to consider that 3 different state court judges have ruled that the plaintiffs' in these cases have presented valid causes of action for Wrongful Termination in Violation of Public Policy. *Alton Owen v. The Boeing Company, Richard Mester v. The Boeing Company, Joe Delmaro v.*

3

> *The Boeing Company.* The State Court specifically found that Mr. Mester had presented a valid claim for wrongful termination in violation of public policy for joining the union in contradiction to the Federal Court who is attempting to interpret a State Law Claim.

(ECF No. 11 at 5–6 (footnote omitted; errors in original).) The objection is without merit. The fact that state court judges in unrelated employment law cases involving different plaintiffs have sustained the validity of wrongful termination claims against Boeing has no bearing on the validity of Plaintiff's wrongful termination claim in the instant case. Plaintiff makes no attempt to show why the result(s) in the state court actions he cites demonstrate error in Magistrate Judge Baker's reasoning or conclusions. The objection is overruled.

The Court will address the next two objections together:

> 4. The Court failed to consider that the alternative remedy did not apply to the Plaintiff because the Plaintiff did not meet the requirements of an AIR 21 complaint.
> 5. The Court failed to consider that the NLRA did not apply to the Plaintiff.

(*Id.* at 6.) Contrary to Plaintiff's bald assertions, Magistrate Judge Baker considered in depth the applicability of the Wendall H. Ford Air and Investment Reform Act for the 21st Century ("AIR21") and the National Labor Relations Act ("NLRA"). (*See* ECF No. 10 at 5–10.) The Court agrees with the Magistrate Judge that AIR21 and the NLRA provide statutory remedies for Plaintiff's wrongful termination allegations, thereby precluding Plaintiff's claim sounding in public policy. *See Barron v. Labor Finders of S. Carolina*, 713 S.E.2d 634, 636−37 (S.C. 2011). The objections are overruled.

Next, Plaintiff asserts:

> The Court errored as the plaintiff's claims are sufficient to present a valid cause of action. The Plaintiff clearly presented that the Defendant made false statements regarding the Plaintiff in order to terminate the Plaintiff's employment. The Court makes the blanket statement that the Plaintiff ailed to present defamatory statements. However, the Court like the Defendant interpreted the complaint to fit its purpose and failed to consider all facts as

4

> presented in the complaint. Specifically, that the Defendant committed Slander per se by attacking the Plaintiff's integrity and honesty. The Plaintiff can clearly establish malice in this case. The Court set forth that the "The effect is to cast upon the plaintiff the necessity of showing malice in fact– that is, that the defendant was actuated by ill will in what he did and said, with the design to causelessly and wantonly injure the plaintiff. This actual malice, resting as it must upon the slanderous matter itself, and the surrounding circumstances tending to prove fact and motive, is a question to be determined by the jury." [citing *Bell v. Bank of Abbeville*, 211 S.C. 167, 175-76, 44 S.E.2d 328 (1947)]. The Court further failed to consider that the statements were made with malice and that there was no privilege. In order to meet qualified privilege, the statements must be made in good faith, and in a proper and limited context. In this case the Defendant contends that the Plaintiff committed actions that are beyond limited in scope and in good faith.

(ECF No. 11 at 6–7 (footnotes omitted; errors in original).) This objection is off the mark. Magistrate Judge Baker found that Plaintiff's slander claim fails because Plaintiff made only conclusory statements to support his allegation that defamatory comments were made to a third party. (*See* ECF No. 10 at 10.) The Court agrees with the Magistrate Judge that Plaintiff's complaint offers only "'labels and conclusions,' or 'a formulaic recitation of the elements of a cause action" as to the second element of the slander claim. (*See id.* at 10–11 (citing *Campbell v. Int'l Paper Co.*, No. 3:12-CV-03042-JFA, 2013 WL 1874850, at *2–*3 (D.S.C. May 3, 2013) (dismissing slander claim where plaintiff alleged only that defendant made defamatory statement "publicly known" to "countless others") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))).) Therefore, the objection is overruled.

Plaintiff next contends:

> Failed and refused to consider the treatment received by the Plaintiff while employed with the Defendant creating a hostile work environment. The Plaintiff is not required to present all facts regarding his complaint but only that reasonably presents claims. The Court has errored in its interpretation of the law regarding a hostile work environment. It is clear from the actual complaint not the Defendant's interpretation that the Plaintiff has presented

5

>> the facts sufficient to have a plausible cause of action.
>>
>>> a. That the Plaintiff has been treated differently based on his race by the Defendant.
>>> b. That the Plaintiff was treated different than similarly situated Caucasian employees in violation of the Defendant's Policies and procedures.
>>> c. That Travis Felkel and Dylan Schumacher, Caucasian employees with Boeing, crossed the tarmac when the light was on and were not discharged but only given time off from work. That the Plaintiff, an African American, and Esteban, a Hispanic were terminated from their employment for the same act as Felkel and Schumacher. That the Defendant allowed the Plaintiff to be discriminated against based on his race in violation of their own policies and procedures.

(ECF No. 11 at 7–8 (errors in original).) Plaintiff appears to be mistaken about the scope of Defendant's motion to dismiss and thus the Magistrate Judge's Report. Plaintiff's amended complaint advances a claim for race discrimination in violation of 42 U.S.C. § 1981 and Title VII that is distinct from his claims for wrongful termination, slander, retaliation, and hostile work environment. (*See* ECF No. 1-1 at 11–16.) Defendant's motion to dismiss seeks dismissal of the wrongful termination, slander, retaliation, and hostile work environment causes of action. (*See* ECF No. 5.) Accordingly, when Magistrate Judge Baker recommends that the motion to dismiss be granted "in its entirety" (ECF No. 10 at 13), she makes no recommendation regarding disposition of the race discrimination claim, which is premised on Boeing's alleged disparate disciplinary treatment for the same infraction based on Plaintiff's race. That claim will persist despite the Court's adoption of the Report. To the extent the objection seeks to demonstrate error in Magistrate Judge Baker's analysis regarding the hostile work environment claim, it fails to do so and it is overruled.

Finally, Plaintiff argues: "The Plaintiff filed these causes of action pursuant to 42 U.S.C. 1981 and is not required to exhaust any administrative remedies. The Court failed

and refused to consider the law." (*Id.* at 8.) Once again, the objection is conclusory and provides no basis to deviate from the sound reasoning and conclusions of the Magistrate Judge. It is overruled.

## **CONCLUSION**

After careful consideration of the relevant materials and law, and for the reasons set forth above, the Court ADOPTS the Report (ECF No. 10) of the Magistrate Judge and incorporates it herein. Accordingly, Plaintiff Eric Dixon's objections are OVERRULED. Defendant The Boeing Company's motion to dismiss causes of action for wrongful termination, slander, retaliation, and hostile environment (ECF No. 5) is GRANTED. Plaintiff's race discrimination claim premised on disparate disciplinary treatment persists.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

March 5, 2021
Charleston, South Carolina