UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Eric A. Dixon, | ) | Civil Action No. 2:20-1356-BHH |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| The Boeing Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Report and Recommendation entered by United States Magistrate Judge Mary Gordon Baker on March 31, 2022 ("Report"). (ECF No. 49.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2) for the District of South Carolina, this case was referred to Magistrate Judge Baker for pretrial handling. In her Report, the Magistrate Judge recommends that Defendant The Boeing Company's ("Boeing") motion for summary judgment be granted. (*See id.*) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## BACKGROUND

The Magistrate Judge entered her Report on March 31, 2022, recommending that Boeing's motion for summary judgment be granted. (*Id.* at 1, 12.) On April 13, 2022, Plaintiff Eric A. Dixon ("Plaintiff") filed objections. (ECF No. 50.) Boeing replied to Plaintiff's objections on April 27, 2022. (ECF No. 51.) The matter is ripe for consideration

---

[1] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exists there.

1

and the Court now makes the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

In her Report, Magistrate Judge Baker found: (1) Plaintiff's racial discrimination claim fails as a matter of law because he has failed to establish the fourth element of a *prima facie* case, namely, that he was discharged under circumstances giving rise to an inference of discrimination (ECF No. 49 at 5–10); and (2) even assuming that Plaintiff could establish a *prima facie* showing of discrimination, Plaintiff fails to raise a genuine question of material fact as to whether Boeing's legitimate, nondiscriminatory reason for terminating his employment—namely, a safety violation—was pretext for discrimination (*id.* at 10–11).

Plaintiff's filing lists a number of putative objections by numbered paragraph, which

the Court will address in turn. First, Plaintiff asserts: "1. The Magistrate committed errors of Fact and Law by recommending the Plaintiff's claims be dismissed." (ECF No. 50 at 4.) This naked assertion does not point the Court to any specific error in the Magistrate Judge's reasoning or conclusions and it is overruled. *See Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir.1982) (noting that when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations, the Court need not conduct a *de novo* review).

Next, Plaintiff contends: "2. The Court failed to present the facts in a light most favorable to the non-moving party, the Plaintiff. The Court failed to consider the genuine issues of material fact presented by the Plaintiff regarding the differential discipline." (ECF No. 50 at 4.) Again, Plaintiff's contention is conclusory and does not reveal any error in Magistrate Judge Baker's analysis. The Court finds that the Magistrate Judge appropriately applied the standards applicable to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The objection is overruled.

Plaintiff further argues: "3. The Court failed to consider that the Defendant did not present a valid reason for taking actions against him." (ECF No. 50 at 4.) The objection is without merit. The Magistrate Judge discussed both the factual basis for and the legal import of Boeing's reason for terminating Plaintiff's employment—namely, a safety violation by repeatedly crossing an active flight line while blue caution lights were flashing. (ECF No. 49 at 1–2 (factual basis), 7–10 (comparator analysis).) The objection is overruled.

Next, Plaintiff asserts: "4. The Court failed to consider that the Plaintiff was not disciplined throughout his employment up and until his termination." (ECF No. 50 at 4.)

3

To the extent Plaintiff is attempting to provide evidence of his "satisfactory performance," a required element of a *prima facie* case, this assertion completely disregards the Report's ultimate conclusion: Plaintiff's race discrimination claim fails as a matter of law for lack of comparator evidence or proof of pretext. (*See* ECF No. 49 at 8–11.) Plaintiff's purported performance prior to the time of termination lacks any nexus to the relevant issues presented to the Magistrate Judge and fails to establish a legal or factual basis for rejection of the Report. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). The fact presented in the objection is not germane to Magistrate Judge Baker's analysis and would not alter her recommendation The objection is overruled.

The Court will address the next two objections together:

5. The court failed to consider that there were comparators were similar to the Plaintiff and that there is a genuine issue of material fact as to the terminations of those Caucasian individuals.

6. The Court failed to consider *Cook*, the court determined that there is second part to the test and sets forth the following important information: "Such comparisons "will never involve precisely the same set of work-related offenses occurring over the same period of time and under the same sets of circumstances." *Cook v. CSX Transp. Corp..*, 988 F.2d 507, 511 (4th Cir. 1993). However, a plaintiff can only draw a comparison where "discipline [is] imposed for like offenses." Id.; see also Lightner v. City of Wilmington, N.C., 545 F.3d 260, 265 (4th Cir. 2008) ("The similarity between comparators and the seriousness of their respective offenses must be clearly established in order to be meaningful."). "In determining whether a plaintiffs misconduct is comparable in seriousness to that of employees outside the protected class, a [*13] court should consider 'the gravity of the offenses on a relative scale.'" *Charlot v. Donley*, No. 3:11-00579, 2013 U.S. Dist. LEXIS 46674, 2013 WL 1339594 at *4 (D.S.C. Mar. 29, 2013) (quoting *Moore v. City of Charlotte*, 754 F.2d 1100, 1107 (4th Cir. 1985))." **Important is that there will never been the same exact set of circumstances.**

4

(ECF No. 50 at 4–5 (grammatical and formatting errors in original; emphasis in original).) Contrary to Plaintiff's bald assertion, Magistrate Judge Baker thoroughly analyzed all alleged comparators identified by Plaintiff in the context of the relevant safety infraction. (*See* ECF No. 10 at 8–10.) Most importantly, the Report identifies two valid comparators—Caucasian and Hispanic, respectively—both of whom were terminated for committing the exact same safety violation as Plaintiff, who is African American. (*Id.*) The Court agrees with the Magistrate Judge that Plaintiff "points . . . to no evidence that his race was a factor—even a minor one—in his discharge." (*Id.* at 10.) The objections reveal no error in the Magistrate Judge's analysis or conclusions and are overruled.

Next, Plaintiff asserts:

> 7. The issues of fact are considerable when determining the discipline. The Plaintiff followed his manager, Chaz Thorne. The issue is a genuine issue of material fact. Therefore, the fact that the Defendant argues he attempted to cross twice is an issue of fact. The Plaintiff did not have a conversation therefore could not have been told not to pass. Further the plane was already gone. There were no planes on the tarmac

(ECF No. 50 at 5.) These arguments mirror those already advanced to and rejected by Magistrate Judge Baker. (*Compare* ECF No. 50 at 5, *with* ECF No. 42 at 16.) "Objections" which merely parrot ineffectual arguments from prior briefing are improper and do not direct the Court to any error in the Report. *Heffner v. Berryhill*, No. 2:16-cv-820-TMC, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) ("The Court may reject perfunctory or rehashed objections to R & R's that amount to a second opportunity to present the arguments already considered by the Magistrate Judge."). The objection is overruled.

Finally, Plaintiff contends:

> The Court did not consider "The ultimate question is whether the employer intentionally discriminated and proof that the employer's proffered reason is

5

> unpersuasive, or even obviously contrived, does not necessarily establish that [plaintiff's] proffered reason . . . is correct . . . [i]t is not enough to disbelieve the [employer]." *Love-Lane v. Martin*, 355 F.3d 766, 788 (4th Cir. 2004) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 146-47, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)) (internal citations omitted). Rather, Hightower must demonstrate that a reasonable jury could "believe [his] explanation of intentional race discrimination." Id. Pretext is further supported by the shifting reasons for the actions of the defendant. The Defendant failed and refused to apply the policy across the board evenly, suspending others and terminating the Plaintiff who was African American and the Hispanic thereby creating a genuine issue of material fact for a jury to consider.

(ECF No. 50 at 5–6 (grammatical and formatting errors in original).) Once again, the "objection" is nothing more than a word-for-word copy of the very arguments already advanced in Plaintiff's response brief, devoid of any citation to the record. (*Compare* ECF No. 50 at 5–6; *with* ECF No. 42 at 16–17.) The objection is conclusory and provides no basis to deviate from the sound reasoning and conclusions of the Magistrate Judge. It is overruled.

## **CONCLUSION**

After *de novo* review of the Report, the record, and the applicable law, the Court ADOPTS the Report (ECF No. 49) of the Magistrate Judge and incorporates it herein. Accordingly, Plaintiff Eric A. Dixon's objections (ECF No. 50) are OVERRULED. Defendant The Boeing Company's motion for summary judgment (ECF No. 37) is GRANTED. There being no remaining claims, this action is dismissed.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 12, 2022
Charleston, South Carolina